**GREAT NORTHERN RAILWAY COMPANY, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Consolidated Freightways Corporation of Delaware, United–Buckingham Freight Lines, and Hart Motor Express, Inc., Intervening Defendants.**

**No. 46–61–Civ.–291.**

United States District Court
D. Minnesota,
Fourth Division.

Oct. 3, 1962.

Robert W. Cronon, St. Paul, Minn., and Edwin S. Booth, Helena, Mont., for plaintiff Great Northern Ry.

Robert W. Ginnane, Gen. Counsel, and Francis A. Silver, Associate Gen. Coun-

sel, Washington, D. C., for defendant Interstate Commerce Commission.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Miles W. Lord, U. S. Atty., Minneapolis, Minn., for defendant United States.

Jerome Anderson, Billings, Mont., and Donald A. Morken, Minneapolis, Minn., for intervening defendants.

Before BLACKMUN, Circuit Judge, and DEVITT and LARSON, District Judges.

DEVITT, District Judge.

This is an appeal from an Order of the Interstate Commerce Commission denying the application of the plaintiff for alternate route authority to transport general commodities between certain points in Montana.[1]

Statutory jurisdiction is established.

The plaintiff is a northern transcontinental railroad operating generally from St. Paul, Minnesota through Montana, to Seattle and Tacoma, Washington. Since 1935 it has conducted commercial truck operations auxiliary to its rail service in Montana.

The intervening defendants conduct over-the-road truck operations in the State of Montana.[2] They support the Commission's action.

In granting certificates of public convenience and necessity to the Great

1. More particularly, the petition sought a certificate of public convenience and necessity authorizing operation, in interstate or foreign commerce, as a common carrier by motor vehicle of general commodities, except those of unusual value, class A and class B explosives, household goods as defined by the Commission, commodities in bulk, and those requiring special equipment, (1) between Lewistown, Montana and Malta, Montana, over Montana Highway 19, serving no intermediate points, as an alternate route for operating convenience only in connection with applicant's authorized regular-route operations in Montana, and (2) between the junction of unnumbered Montana highway and U. S. Highway 87, approximately 1 mile north of Grassrange,

Montana and the junction of unnumbered Montana highway and Montana Highway 19 approximately 6 miles east of Roy, Montana, over the above-mentioned unnumbered highway, serving no intermediate points, as an alternate route for operating convenience only in connection with applicant's authorized and proposed regular-route operations in Montana, serving the junction of unnumbered Montana highway and Montana Highway 19 approximately 6 miles east of Roy, Montana.

2. Each of the Intervening defendants had an interest in securing the same or similar operating authority.

Consolidated's application was denied. Consolidated Freightways Corp. of Dela-

Northern in Montana, the Interstate Commerce Commission imposed certain restrictions which, in general, served to characterize the truck service to be rendered as supplemental to the rail service. By way of example, these restrictions prohibited truck shipments between certain key railroad points (i. e., between Havre and Great Falls), required through bills of lading, and imposed prior or subsequent rail haul limitations.

The Great Northern sought to remove these restrictions by an application to the Commission filed on May 5, 1958. The petition was denied and, contemporaneous with the filing of this opinion, we have also filed an opinion denying the Great Northern's application to set that action aside. Great Northern Ry. Co. v. United States, No. 4–61–Civ–290, 209 F.Supp. 230 (D.Minn.1962). The disposition of this matter is controlled in large measure by our decision in that case.

Here, because of the construction of a new north-south highway, No. 19, between Lewistown and Malta, Montana appreciably shortening the transit time between Billings and other southern Montana points to Malta and other northern Montana points, the Great Northern seeks authority to operate by motor truck via the new highway as an alternate route to its presently granted authority to serve the same points (but by what is now a circuitous and longer route) through Great Falls and Havre, Montana. Great Northern filed its application on December 1, 1958. It was referred to Joint Board No. 82. Hearings were held at Helena, Montana on May 25, 1959. On October 13, 1959 the Joint Board recommended that the application be granted. Exceptions were duly filed. The Commission, through its Division I, took a different view and held that Great Northern had not established that present or future public convenience and necessity required the proposed operation and denied the application on December 14, 1960. Later, on May 22, 1961, the entire Commission sustained the findings and report of its Division I, and denied a petition for reconsideration. This appeal followed.

■ In this, as in all similar appeals from the decisions of administrative agencies, it must be remembered that the courts have a very limited function to perform. We are confined to determining whether there is warrant in the law and in the facts for the Commission's action. We can do no more. As much as we might feel inclined to do so at times, we cannot substitute our judgment for that of the Commission or challenge the wisdom of its actions. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1956); Federal Security Administrator v. Quaker Oats Co., 318 U.S. 218, 63 S.Ct. 589, 87 L.Ed. 724 (1943). For further recent expressions recognizing our circumscribed authority in this respect, see Great Northern Ry. Co. v. United States, 172 F.Supp. 705 (D.Minn.1959); Quickie Transport Co. v. United States, 169 F.Supp. 826 (D.Minn.1959); Minneapolis & St. Louis Ry. Co. v. United States, 165 F.Supp. 893 (D.Minn.1958);

ware, Ext.—Glasgow, 84 M.C.C. 97 (Dec. 14, 1960).

United Freightlines, successor in interest to United-Buckingham Freight Lines, received, subsequent to the Commission's hearing, intrastate authority from the Board of Railroad Commissioners of the State of Montana authorizing it to operate over the same routes as described in the Great Northern Application. This authority has been registered with the Commission under the second provision of Section 206(a) (1) of the Act, 49 U.S.C.A. § 306(a) (1), which entitled it to operate over the routes involved.

Hart Motor Express, Inc., the other intervening defendant has been granted authority by the Commission to operate over new Montana Highway No. 19, subsequently to be described. Hart Motor Express, Inc.—Extension—Billings, Montana, 84 M.C.C. 117 (Dec. 14, 1960). By memorandum opinion filed contemporaneously with this decision, we have denied Great Northern's petition to set that grant of authority aside. Great Northern Rv. v. United States, 209 F. Supp. 238 (D.Minn.1962).

Canadian Pacific Ry. Co. v. United States, 158 F.Supp. 248 (D.Minn.1958); Schaffer v. United States, 139 F.Supp. 444, 448 (D.S.D.1956) reversed on other grounds, 355 U.S. 83, 78 S.Ct. 173, 2 L.Ed.2d 117 (1957).

In denying plaintiff's application, the Commission bottomed its decision on the principle that the Great Northern should not be authorized to do indirectly, by an alternate route, that which it is not authorized to do directly, by a service route; and that, since under its present restricted authority it may not serve stations not on its rail lines, and may not operate between any two key points (such as Havre and Great Falls) or through, to, or from, more than one of them, the grant of the requested authority would call for a modification of the existing restrictions which now characterize Great Northern's motor truck authority in Montana as auxiliary or supplemental, and that is something the Commission has held should not be done. Great Northern Ry. Co.–Modification of Certificates, 83 M.C.C. 345. And, as stated above, we have found that determination to be warranted and within the Commission's authority. Great Northern Ry. Co. v. United States, No. 4–61–Civ–290, supra.

■ In taking this position, the Commission's action is consistent with that taken in analogous and similar situations where it has held that it will not grant alternate-route authority to an applicant for the purpose of performing an alternate-route service which it is not authorized to provide via its present service route between the same points. Southern Pacific Transport Co. Air Freight, 73 M.C.C. 345 (1958); Couch M. Lines, Inc. Extension—Alternate Route, Bossier City, 63 M.C.C. 76 (1954); Substituted Service—Consolidated Freightways, Inc., 305 I.C.C. 301 (1958).

There is judicial support for the principle. Consolidated Freightways, Inc. v. United States, 176 F.Supp. 559 (N.D. Cal.1959). This case affirmed the Commission's Order in Substituted Service, supra. We can find no judicial disapproval of the Commission's subscription to this principle, and it appears to us to be based on good logic.

The Great Northern presents its arguments, not directly toward the need to remove the restrictions, but toward the need to treat it equally with its now competitors, Hart Motor Express and United Freight Lines, for the authority to operate via the new Highway 19 between southern Montana and northern Montana points. It argues that it is unfair to require it to ship from Billings and southern Montana points circuitously via Great Falls and Havre to Malta and other northern Montana points when, by shipping directly via the new Highway 19, it could shorten the distance traveled by some 400 miles per round trip. And this would result in operating savings of about $30,000 per year. It insists that its application envisages an improvement of an existing service and is not a request for authority to render a new service.

But the fact remains that a grant of the authority requested would, under the Commission's policies, contemplate a new service, and would require a removal of the key point restrictions. We have declined to interfere with the Commission's judgment that this should not be done and that this railroad's motor authority should continue to be limited to the rendering of service supplemental to its rail service. This petition represents a request for a part of that the whole of which has been denied. Great Northern Ry. v. United States, No. 4–61–Civ–290 supra.

■ In finding that the plaintiff had failed to establish that the present or future public convenience and necessity required the operation for which it petitioned, the Commission reached a permissible conclusion. The Commission's Order is sustained by substantial evidence. It did not improperly exercise its authority under the law.

The plaintiff's complaint is dismissed.