**SOO LINE RAILROAD COMPANY,**
Plaintiff,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants,

and

**Chicago and North Western Railway Company, Chicago, Milwaukee, St. Paul and Pacific Railroad Company, Copper Range Railroad Company, and Michigan Public Service Commission, Intervening Defendants.**

No. 4–66–331 Civ.

United States District Court
D. Minnesota,
Fourth Division.

July 3, 1967.

Charles H. Clay, Minneapolis, Minn., for plaintiff.

Ramsey Clark, U. S. Atty. Gen., by Donald F. Turner, Asst. Atty. Gen., and John H. D. Wigger, Atty., U. S. Dept. of Justice, Washington, D. C., Patrick J. Foley, U. S. Atty., District of Minnesota, Minneapolis, Minn., Robert Ginnane, Gen. Counsel for I. C. C., by Henri F. Rush, Jr., Washington, D. C., for defendants.

Philip M. Hackbarth, Asst. Gen. Counsel, Chicago, Ill., Stuart W. Rider, Jr., Minneapolis, Minn., and Joseph J. Nagle, Chicago, Ill., for Chicago, Milwaukee, St. Paul and Pacific R. R. Co.

Philip Stringer, St. Paul, Minn., Jordan Jay Hillman and John C. Danielson, Chicago, Ill., for Chicago North Western Ry. and Copper Range R. R.

Frank Kelley, Atty. Gen., of Michigan, by Robert A. Derengoski and David P. Van Note, Lansing, Mich., for Michigan Public Service Commission.

Before BLACKMUN, Circuit Judge, DEVITT, Chief Judge, and LORD, District Judge.

## MEMORANDUM DECISION

MILES W. LORD, District Judge.

This is an action to suspend, enjoin, annul, and set aside the order of the Interstate Commerce Commission, dated January 7, 1966, in its Finance Docket No. 22813, Soo Line Railroad Co.—Trackage Rights—Lake Superior & Ishpeming Railroad Co., denying the application of the plaintiff for approval of certain trackage rights, and the order of said Commission in the same docket, dated May 2, 1966, denying the petition of the plaintiff for a further hearing in said matter.

This action has been submitted on briefs, without a hearing, the record including copies of the orders of the Commission, a transcript of the evidence and the exhibits received by the Commission, and a copy of plaintiff's petition for further hearing.

Statutory jurisdiction is established.

The proceeding before the Commission was begun by the application of the plaintiff to the Commission under Sec. 5(2) of the Interstate Commerce Act [49 U.S.C. § 5(2)] for authority to acquire the right to operate over trackage of the Lake Superior & Ishpeming Railroad Company between Marquette and Eben Junction, Michigan, a distance of 30.49 miles. The application was duly referred to a hearing examiner. Subsequent to a hearing, the examiner issued a report and recommended order that the application be denied. The report and recommended order of the examiner were adopted without further report by the Commission, Division 3, by its order dated January 7, 1966. On February 16, 1966, plaintiff petitioned the Commission for a further hearing. The Commission, by its order dated May 2, 1966, denied plaintiff's petition for further hearing and, by its order dated July 29, 1966, denied plaintiff's petition for reconsideration of order dated May 2, 1966.

Plaintiff contends that the January 7 and May 2, 1966 orders of the Commission are contrary to law in the following respects:

(1) That the order of January 7, 1966 is not supported by substantial evidence or rational findings and is capricious and arbitrary;

(2) That the Commission abused its discretion by issuing its order of May 2, 1966, denying a further hearing;

(3) That the orders of January 7 and May 2, 1966 rest upon an unlawful basis in that the Commission has applied the public convenience and necessity standard of Sec. 1(18) of the Interstate Commerce Act [49 U.S.C. § 1(18)] rather than the consistency with public interest standard of Sec. 5(2) of said Act [49 U.S.C. § 5(2)];

(4) That the orders of January 7 and May 2, 1966 are inconsistent with the National Transportation Policy [49 U.S.C. preceding § 1].

■ As the Court stated in Great Northern Railway Co. v. United States, 209 F.Supp. 234, 236 (D.C.Minn.1962):

"In this, as in all similar appeals from the decisions of adminstrative agencies, it must be remembered that the courts have a very limited function to perform. We are confined to determining whether there is warrant in the law and in the facts for the Commission's action. We can do no more. As much as we might feel inclined to do so at times, we cannot substitute our judgment for that of the Commission or challenge the wisdom of its actions. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1956); Federal Security Administrator v. Quaker Oats Co., 318 U.S. 218, 63 S.Ct. 589, 87 L.Ed. 724 (1943). * * *."

■ The Court cannot accept plaintiff's contention that the order of January 7, 1966 was not supported by substantial evidence or rational findings and is capricious and arbitrary. The requirement of "substantial evidence" is satisfied if there is evidence "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury". N. L. R. B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939); Illinois Central Railroad Co. v. Norfolk & W. Ry. Co., 385 U.S. 57, 66, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966). The requirement of "rational findings" is satisfied if the report of the Commission, read as a whole, discloses the essential basis of the decision. See Alabama G. S. R. Co. v. United States, 340 U.S. 216, 228, 71 S.Ct. 264, 95 L.Ed. 225 (1951). It cannot be concluded that these tests have not been satisfied in the instant record. Plaintiff's specific contention that the Commission must in its findings make an independent estimate of the percentage of traffic likely to be diverted as a result of approval of plaintiff's application was rejected in Brotherhood of Maintenance of Way Employees v. United States, 221 F.Supp. 19, 25 (E.D.Mich. 1963), aff'd per curiam, 375 U.S. 216, 84 S.Ct. 341, 11 L.Ed.2d 270 (1963), the Court stating that the Commission is "not required to engage in speculation and guesswork to come up with a precise percentage prediction". Nor can the Court conclude that the decision of the Commission is so lacking in rational basis as to be "capricious and arbitrary".

■ The Court cannot conclude that the Commission abused its discretion in denying a further hearing. In its petition for a further hearing plaintiff offered to produce evidence of developments subsequent to the original hearing. The Commission concluded that even if proved, such evidence would not change its decision. The Court cannot disturb this conclusion because even if the newly offered evidence were a part of the present record, the Court would still deem the decision of the Commission to be supported by substantial evidence. In its petition for a further hearing plaintiff also offered to show that conditions could be imposed which would eliminate the possibility of diversion of rail traffic as a result of approval of its application. However, plaintiff was unwilling at the time of the original hearing to consider the possibility of the imposition of significant conditions, and even in its petition for further hearing plaintiff indicated that it was unwilling to accept conditions restricting its use of the proposed Eben Junction route for the purpose of operating unit trains of iron ore in an all-rail movement from the

Marquette Range to the Chicago area, which use the examiner considered the heart of the proposed operation. In view of such unwillingness on the part of plaintiff, the Commission's denial of a further hearing for the purpose of considering possible conditions cannot be deemed an abuse of discretion.

In the conclusions of the report of the hearing examiner recommending denial of plaintiff's application the examiner found the proposed transaction inconsistent with the public interest on the following grounds:

(1) Approval of the proposed transaction would result in substantial diversion of traffic from other rail carriers, already under-utilized and barely profitable, thereby injuring them and ultimately the public;[1]

(2) Little benefit to the public would inure from the proposed transaction; and

(3) Existing carriers should be accorded the right to transport traffic which they can handle adequately, efficiently, and economically before a new operation should be authorized.

Plaintiff contends that Ground #3 of the examiner's grounds for finding inconsistency with the public interest is inappropriate because it is not a new carrier seeking to commence a new operation, but rather is an existing carrier seeking merely to improve its existing service.[2] Plaintiff contends that Ground #3 would be appropriate only in a case involving an application for a certificate of public convenience and necessity under Sec. 1(18) of the Interstate Commerce Act [49 U.S.C. § 1(18)]. Plaintiff further contends that Ground #3 indicates that the Commission improperly applied to the instant case the public convenience and necessity standard of Sec. 1(18) rather than the consistency with the public interest standard properly applicable to applications under Sec. 5(2).[3]

It appears to the Court that, in determining whether or not a proposed transaction is consistent with the public interest, the Court cannot ignore the fact that an improvement of already existing service may so greatly alter the competitive situation as to be tantamount to a new operation. However, the Court need not get into the subtleties of this debate, for Grounds #1 and #2 adequately support the examiner's conclusion of inconsistency with the public interest, and Ground #3 is mere surplusage.[4] A finding of substantial pub-

---

1. The examiner's conclusion that the public would be injured as a result of diversion of traffic from other rail carriers was justified in view of the finding that the other carriers were already under-utilized and barely profitable. As the Court said in Ratner v. United States, 162 F.Supp. 518, 519 (S.D.Ill.1957), aff'd per curiam, 356 U.S. 368, 78 S.Ct. 913, 2 L.Ed.2d 842 (1958):

   " * * * The term 'public interest' as used in Section 5 clearly embraces the interest of competing carriers. Their interest and that of the general public is the same in preventing uneconomic transportation."

2. Plaintiff also contends that Ground #2 is an inappropriate ground for denial of a § 5(2) application. However, this contention is entirely without merit. A finding of little public benefit is of great importance in cases involving § 5(2) applications since determination of consistency or inconsistency with the public interest is essentially a matter of weighing public benefit against public detriment.

3. The hearing examiner in his report states that he applied the test of consistency with the public interest on a theory that if this standard is not satisfied the stricter standard of public convenience and necessity could not possibly be satisfied.

4. Plaintiff argues that the Commission's denial of the petition for further hearing demonstrates that it would have reached the same decision even if it were shown that no public detriment would result. Plaintiff argues that this indicates that Ground #3 was the primary basis of the decision. However, the Court cannot accept plaintiff's interpretation of the May 2, 1966 order. By denying a further hearing the Commission indicated merely that the new evidence proffered on the issue of public detriment was not sufficient to alter its conclusions on this issue.

lic detriment without substantial counterbalancing public benefit not only justifies, but dictates, a finding that the proposed transaction is not consistent with the public interest. See Ratner v. United States, 162 F.Supp. 518, (S.D. Ill.1957) aff'd per curiam, 356 U.S. 368, 78 S.Ct. 913, 2 L.Ed.2d 842 (1958). In that case a three-judge court upheld denial of a § 5(2) application on the ground that approval of the application would result in detriment to competing carriers without compensatory benefit to the public even though the order of the Commission improperly recited as a condition for approval that the proposed transaction must be shown to respond to a public need.

The Court sees no justification in the record for a conclusion that the January 7 and May 2, 1966 orders of the Commission are inconsistent with the National Transportation Policy.

Plaintiff's complaint should be and the same is hereby dismissed with prejudice.

Let judgment be entered accordingly.